IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal Action No. 7:15-cr-00064-2 |
| v. | ) | |
| | ) | By:  Elizabeth K. Dillon |
| DUANE A. ANDREWS | ) | United States District Judge |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant Duane Andrews, proceeding *pro se*, filed a motion for compassionate release due to COVID-19.  (Dkt. No. 218.)  Pursuant to Standing Order 2019-1, the court appointed the Federal Public Defender to represent Andrews (Dkt. No. 219), but it declined to supplement his motion (Dkt. No. 223).  The government opposes the motion (Dkt. No. 224), and the court finds that a hearing is not necessary to resolve Andrews' motion, which will be denied for the reasons stated below.

## I.  BACKGROUND

In 2016, Andrews pleaded guilty to one count of distribution of heroin.  On January 23, 2017, the court sentenced Andrews to a below-guideline sentence of 136 months of incarceration.  Andrews' anticipated release date is June 22, 2025.[1]  Andrews was 37 years old at the time of sentencing.

Andrews has a lengthy criminal history involving drugs.  (Presentence Report ¶¶ 41–60, Dkt. No. 188.)  For sentencing purposes, he was considered a career offender and accumulated 26 criminal history points, twice as many as required for criminal history category VI.  (*Id.* at ¶¶ 61–62.)  Andrews was responsible for between one and three kilograms of heroin.  (*Id.* at ¶¶ 33, 36.)

---

[1] *See* https://www.bop.gov/inmateloc/ (last visited May 13, 2022).

Andrews is currently housed at FCI Memphis.  In support of his motion, Andrews cites various programs he has completed while in prison, including the Non-Residential Drug Abuse Program and the Alternatives to Violence Program.  Andrews has also earned associate degrees in Individual Studies and Entrepreneurship Management.  He does not claim to suffer from any health condition that puts him at heightened risk if he contracts COVID-19, as of the date of his motion, he had not yet been vaccinated.[2]

## II.  ANALYSIS

### A.  Compassionate Release Under the First Step Act

United States Code Title 18, Section 3582(c)(1)(A), as amended by the First Step Act and in pertinent part, provides that the court may not modify a term of imprisonment once it has been imposed except that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . .

Thus, after considering any applicable § 3553(a) factors, if the court finds extraordinary and compelling reasons warrant a reduction and if it finds a reduction consistent with any applicable Sentencing Commission policy statements, it may reduce a term of imprisonment.  However,

---

[2] The government claims that Andrews refused to be vaccinated but provides no evidence to support this assertion.  Andrews' statements in his motion are not clear on whether he has been offered a vaccine.

"the Commission has yet to issue a policy statement that applies to motions filed by defendants [rather than motions filed by BOP] under the recently amended § 3582(c)(1)(A)." *United States v. Burnell*, 837 F. App'x 223, 224 (4th Cir. 2021) (quoting *United States v. McCoy*, 981 F.3d 271, 280–83 (4th Cir. 2020)). *See also United States v. Hargrove*, 30 F.4th 189 (4th Cir. 2022). The court, may, nonetheless, look to U.S.S.G. § 1B1.13 for guidance. *McCoy*, 981 F.3d at 282 n.7.

"A defendant seeking compassionate release has the burden of establishing that such relief is warranted." *United States v. Ferguson,* No. 515CR00018KDBDSC1, 2020 WL 5300874, at *2 (W.D.N.C. Sept. 4, 2020). *See also Hargrove,* 30 F. 4th at 195 (noting the information provided by the inmate "to carry his burden of demonstrating that his medical conditions served as an extraordinary and compelling reason for release."); *United States v. Brewington*, 2019 WL 3317972, at *2 (W.D. Va. July 24, 2019). *See also United States v. Weaver*, No. 1:17-CR-235, 2020 WL 4810123 (E.D. Va. Aug. 18, 2020) (citing *Schaffer ex rel. Schaffer v. Weast*, 546 U.S. 49, 56-57 (2005) (defendant bears burden as party seeking relief absent statutory guidance to the contrary)). Compassionate release is "an extraordinary and rare event." *White v. United States*, 378 F. Supp. 3d 784, 787 (W.D. Mo. 2019). Rehabilitation, standing alone, "shall not be considered an extraordinary and compelling reason" for a sentence modification. 28 U.S.C. § 994(t).

**B. Exhaustion**

As noted above, while the First Step Act changed § 3582(c)(1)(A) to allow a prisoner to bring a motion on his or her own behalf, the statute still includes an exhaustion requirement. More than thirty days have passed since Andrews made a request for a sentence reduction at his BOP facility, and the government does not contest exhaustion.   Therefore, the court finds that

Andrews has exhausted his administrative remedies. *See, e.g.*, *United States v. Allen*, Criminal No. RDB-14-0411, 2020 WL 3868999, at *2 (D. Md. July 9, 2020) (finding exhaustion requirement satisfied where thirty days have expired since submission of administrative request).

## C. Extraordinary and Compelling Reasons

Because an inmate is not eligible for compassionate release in the absence of extraordinary and compelling reasons, *High*, 997 F.3d at 186, the court looks to whether Andrews has provided such reasons. The fact that COVID-19 exists and that there is a possibility that someone may contract it in a prison is insufficient, in and of itself, to grant a motion for compassionate release. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Rather, in the context of COVID-19,

> the threshold questions are whether [the inmate] has a particularized risk of contracting COVID-19 in prison and whether his medical conditions render him particularly susceptible to severe illness or death should he contract the virus. *See High*, 997 F.3d at 185 (explaining that arguments for compassionate release "based on the coronavirus pandemic depend at least on allegations that the risk of contracting COVID-19 in a prison is higher than the risk outside the prison and that the inmate's preexisting medical condition increases that individual's risk of experiencing a serious, or even fatal, case of COVID-19").

*United States v. Youngblood*, 858 F. App'x 96, 98 (4th Cir. 2021). *See also United States v. Harper*, Criminal Action No. 7:18-cr-00025, 2020 WL 2046381, at *3 (W.D. Va. Apr. 28, 2020).

While the court commends Andrews for his rehabilitative efforts, rehabilitation, in and of itself, is insufficient. And, as noted, Andrews does not suffer from any conditions that make him susceptible to severe complications if he were to contract COVID-19. Therefore, the court concludes that there are no extraordinary and compelling reasons to grant Andrews' motion for release. Given the absence of extraordinary and compelling reasons, the court will deny his motions and need not analyze the § 3553(a) factors.

III.  CONCLUSION

Based on the foregoing, it is hereby ORDERED that Andrews' motion for compassionate release (Dkt. No. 218) is DENIED.

The Clerk is directed to send a copy of this memorandum opinion and order to Andrews, all counsel of record, and the United States Probation Office.

Entered: May 16, 2022.


*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge